UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LATRONIS DEMARCUS ROWAN #1209664,

    Plaintiff,

v.                                                           No.:   3:14-cv-194-TAV-HBG

DALE CULVER, OFFICER FUTOS,
LT. STEVENS, JOHN DOES #1-2,
KNOX COUNTY SHERIFF'S DEPARTMENT,
and STATE OF TENNESSEE,

    Defendants.

## MEMORANDUM AND ORDER

    The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received.

    The Clerk is **DIRECTED** to send the plaintiff a service packet (a blank summons and USM 285 form) for defendants Dale Culver, Officer Futos, and Lt. Stevens. Process shall not issue against the "John Doe" defendants until plaintiff provides the Clerk's Office with the correct names and addresses of these individuals. For the following reasons, process shall not issue as to the remaining defendants and they are dismissed.

Plaintiff is an inmate in the Knox County Detention Facility. He alleges he was assaulted by the named individual defendants. In addition to individual defendants, plaintiff has also named as defendants the Knox County Sheriff's Department and the State of Tennessee.

The Knox County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) ("the Sheriff's department itself is not a suable entity under Section 1983").

Likewise, the State of Tennessee is not a suable entity under § 1983, is immune from suit, and is **DISMISSED** from this action. *See, e.g., Lawson v. Shelby County, Tennessee*, 211 F.3d 331, 335 (6th Cir. 2000) ("The Lawsons' claims against the State of Tennessee are barred by the Eleventh Amendment, because the Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory or monetary relief.").

The plaintiff is **ORDERED** to complete the service packets for defendants Dale Culver, Officer Futos, and Lt. Stevens and return them to the Clerk's Office within

twenty (20) days of the date of receipt of this Memorandum and Order. At that time the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. The plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants Dale Culver, Officer Futos, and Lt. Stevens shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. Defendants' failure to timely respond to the complaint may result in entry of judgment by default against defendants.

Plaintiff is **ORDERED** to inform the Court in writing, and the defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address may result in the dismissal of this action.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Knox County, Tennessee, and the Knox County Law Director to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

E N T E R :

                                                s/ Thomas A. Varlan
                                                CHIEF UNITED STATES DISTRICT JUDGE